1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA PORTNOY,<br><br>        Plaintiff,<br><br>    v.<br><br>MONICA TORO, Director of Sacramento CIS District,<br><br>        Defendant. | No. 2:25-cv-01228-DAD-SCR<br><br><br>ORDER |

      Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted a declaration containing information on income and assets and averring an inability to pay the costs of this proceeding. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP is granted. Granting IFP status does not end the court's inquiry, however, as the Court is required by Section 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and directs service.

////

1

# I. SCREENING

## A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

## B. Petition for Writ of Mandamus

Plaintiff was filed a petition for writ of mandamus ("Petition") and names as a Defendant Monica Toro who is alleged to be the "Director of the Sacramento District of CIS" (Citizenship and Immigration Services). ECF No. 1 at ¶ 8. Plaintiff alleges federal question jurisdiction under 28 U.S.C. 1331 and the Immigration and Nationality Act, and also under 28 U.S.C. § 1361. *Id.* at ¶ 1. Plaintiff alleges that she applied for citizenship in June 2023 and paid the application fee. Id. at 2. She was interviewed in April 2024, and passed the required examination for English and civics. *Id*. She alleges she has been waiting since April 2024 for her naturalization oath ceremony. *Id*. Plaintiff alleges that she is a lawful permanent resident of the United States and her spouse is a United States Citizen. *Id*. at ¶ 6. Plaintiff alleges that she has fulfilled all the statutory and regulatory requirements and is eligible for citizenship. *Id*. at ¶ 17. Plaintiff seeks a writ of mandamus compelling Defendant to complete her naturalization oath ceremony. *Id*. at 1.

## C. Analysis

The Petition contains a jurisdictional statement, a short and plain statement of the claim, and a request for relief. For screening purposes, Plaintiff has stated a cognizable claim. *See Sidhu v. Cherthoff*, 2008 WL 540685 (E.D. Cal. Feb. 25, 2008) (finding court had jurisdiction under APA to review Plaintiff's contention that her application for naturalization had not been

adjudicated in a reasonable time); *see also Saini v. USCIS*, 553 F.Supp.2d 1170 (E.D. Cal. 2008); *Mugomoke v. Curda*, 2012 WL 113800 (E.D. Cal. Jan. 13, 2012).

## II.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Service of the Petition (ECF No. 1) on the following Defendant is appropriate: 1) Monica Toro, Director of the Sacramento CIS office. An agency, officer, or employee of the United States may be served as provided in Federal Rule of Civil Procedure 4(i).

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send Plaintiff: one USM-285, one summons, a copy of the Petition, and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant named in the Petition, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed Petition, with an extra copy for the U.S. Marshal;

    d. One copy of the instant order; and

    e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501

"I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: November 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE